The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to receive further evidence and by order dated November 26, 1996, the Full Commission ordered plaintiff to submit to further evaluation and examination by a neuropsychologist and also ordered the parties to take the deposition of Dr. Ronald Demas. The Commission has now received the evaluation prepared by neuropsychologist Dr. Alexander Manning and the deposition of Dr. Demas. Based upon the evidence presented at the hearing and the newly-submitted evidence, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner, but for clarity has rewritten the decision.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties hereto are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On or about March 23, 1993, the relationship of employer/employee existed between plaintiff and defendant-employer.
3. Defendant is a duly-qualified self-insured, with Crawford 
Company as servicing agent.
4. Plaintiff's average weekly wage, as computed from the Form 22 Wage Statement, was $264.88, yielding a compensation rate of $176.60 per week.
5. Plaintiff's medical records were stipulated into evidence.
6. The issues before the Commission are:
 a. Did plaintiff sustain a work related injury on or about March 23, 1993.
 b. What period of time, if any, was plaintiff unable to pursue his employment with employer-defendant due to his injury and entitled to the receipt of temporary total disability benefits.
 c. Is plaintiff precluded from receiving benefits pursuant to the Workers' Compensation Act based upon the defense of intoxication on the date and time of his alleged injury pursuant to N.C. Gen. Stat. § 97-12.
* * * * * * * * * * *
The Full Commission modifies the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On March 23, 1993, plaintiff was a forty-two year old male. He worked as a blender mixer for defendant.
2. On March 23, 1993, plaintiff sustained an injury arising out of and in the course of his employment with defendant when he fell approximately nine to ten feet from a ladder. Plaintiff never lost consciousness after the fall.
3. Plaintiff was treated for his injuries by Dr. Warwick Aiken at the Gaston County Memorial Hospital. As a result of the fall, plaintiff had a contusion to the left elbow.
4. Plaintiff received treatment at Southern Orthopedics in Gastonia on March 25 and March 31, 1993, and follow-up treatment by Dr. Aiken on March 31, 1993. He was released to full duty work following these visits.
5. Plaintiff returned to light-duty work on March 24, 1993, and to full-duty work on March 31, 1993. He performed his job duties at the same productivity level following the fall as he had prior to the injury by accident. He continued to work at full-duty through August 27, 1993.
6. Plaintiff had pre-existing high blood pressure and severe hypertension. He also had prior problems with alcohol and tobacco abuse.
7. On September 7, 1993, plaintiff began complaining of left-sided weakness. The next day he was examined by Dr. John Difini, a neurologist, who continued to treat plaintiff through September, 1994. Dr. Difini was unable to find any neurological explanation for plaintiff's complaints. Dr. Difini took plaintiff out of work from August 27, 1993, until March 1, 1994. There is insufficient evidence of record to prove by its greater weight that this period of disability was causally related to the injury by accident on March 23, 1993.
8. Plaintiff did not return to employment with defendant after being released by Dr. Difini. On March 7, plaintiff was discharged by defendant, based upon the allegation the plaintiff had reported to work under the influence of alcohol on March 23, 1993. There is insufficient evidence of record from which to prove by the greater weight that plaintiff's injury was proximately caused by intoxication.
9. Plaintiff has received twenty-six weeks of long-term disability from defendant and twenty-six weeks of unemployment benefits since the last day he worked on August 27, 1993.
10. On November 30, 1994, plaintiff began treatment by Dr. Ronald Demas, a neurologist, for loss of motor control on the left side of his body, stiffness of his head and neck, severe back pain and blackouts. He suffered a stroke on August 20, 1995 and another on January 7, 1996, and now has impaired brain functioning and dementia from vascular disease.
11. There is insufficient medical evidence of record from which to prove by the greater weight that plaintiff's physical condition for which he sought treatment after August 1993 was causally related to the injury by accident on March 23, 1993. His present symptoms are caused by his severe hypertension, alcoholism, and tobacco abuse, as well as the two strokes.
* * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 23, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. 97-2 (6).
2. Plaintiff is not entitled to receive any temporary total disability compensation as a result of the injury by accident since he returned to work within seven days after his injury. N.C. Gen. Stat. 97-28.
3. Plaintiff's disability, if any, since August 1993 is not causally related to the injury by accident on March 23, 1993, and therefore, plaintiff is not entitled to any disability compensation. N.C. Gen. Stat. 97-2 (6); 97-29; Click v.Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
4. Plaintiff is entitled to payment by defendant of all medical expenses related to the March 23, 1993 injury by accident.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Defendant shall pay the medical expenses related to the March 23, 1993, injury by accident.
2. Under the law, plaintiff's claim for disability compensation must be, and the same is hereby, DENIED.
3. Each side shall pay its own costs.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
LKM:bjp